AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>David Alan Early,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 20-6275-HUNT<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 11, 2020,__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Possession of a Firearm and Ammunition by a Convicted Felon |
| 18 U.S.C. 924(c)(1)(A) | Possession of a Firearm In Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Alfredo Armenteros, ATF Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__.

Date: __7/14/2020__

_____
*Judge's signature*

City and state: __Fort Lauderdale, Florida__     Patrick M. Hunt, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Alfredo Armenteros, being duly sworn, hereby depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), assigned to the Gun Task Force, and have served in this capacity since 2016. As an ATF Task Force Officer, I have received training in and participated in investigations involving illegal possession of firearms and ammunition by prohibited persons, and other firearms offenses. For the past thirteen (13) years, I have also served as a Detective with the Miami-Dade Police Department (MDPD).

2. I make this Affidavit in support of a criminal complaint charging **DAVID ALAN EARLY** with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and possession of a firearm during a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

3. I submit this Affidavit based on my personal knowledge, as well as information provided to me by other individuals, including other law enforcement officials, and my review of records and other evidence obtained during the course of this investigation. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, it does not include every fact known to me about this matter.

### PROBABLE CAUSE

#### Kelvin Stanley Daye Jr.

4. On or about June 12, 2019, law enforcement seized a firearm and a controlled substance from a vehicle operated by Kelvin Stanley Daye Jr. ("Daye"). Daye was not the registered owner of the vehicle.

5. On or about July 9, 2019, your affiant interviewed the owner of the vehicle that Daye was driving at the time of his June 12, 2019, arrest (see Paragraph 4). Your affiant advised the owner that law enforcement had arrested an individual using her vehicle and found a firearm within it. The owner denied ownership of the firearm, adding that she did not own any firearms nor did she ever purchase one. The owner claimed that she allowed another female to drive her vehicle but would not identify the female's full name and claimed not to remember when she allowed the unidentified female to use the vehicle. When your affiant asked the owner if she knew Daye, the owner asked if Daye was the individual arrested in her vehicle. After answering in the affirmative, the owner claimed that she might own the firearm in question. Your affiant advised the owner of her Miranda rights. The owner requested an attorney.

6. On or about August 29, 2019, a federal grand jury in the Southern District of Florida returned a three-count, sealed indictment against Daye (19-20547-CR-COOKE, DE 1-2). The indictment charges Daye with one count of possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); one count of possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## Search for Daye

7. On or about September 17, 2019, law enforcement approached the residence located at XXXX NW 7th Street, Apt. 202, Fort Lauderdale, Florida 33311 (the "Residence"), believing this to be Daye's address. Upon making contact with an occupant of the Residence, your affiant advised that they had a federal arrest warrant for Daye. After the occupant consented to a

search of the Residence for Daye, law enforcement began search for Daye but could not locate him. The occupant advised that Daye might be residing in Miami but was unaware of the address.

8. On or about October 28, 2019, United States District Judge Marcia Cooke transferred the case to fugitive status (19-20547-CR-COOKE, DE 5).

9. In or around January 2020, your affiant spoke with S.H., who is Daye's girlfriend and the mother of his children. S.H. resided at the Residence. S.H. stated that Daye did not live with her, adding that she was upset with him because he may have fathered a child with a different woman. Your affiant advised S.H. that there was a federal warrant for Daye.

10. After being unable to locate Daye, your affiant requested assistance from the United States Marshal Service ("USMS") Task Force to locate him. In February 2020, USMS advised your affiant that they believe Daye was residing at the Residence and intended to conduct surveillance. That same month, while conducting surveillance of the Residence, USMS observed S.H. arriving in the parking lot late one night. She exited her vehicle with a black male matching the description of Daye. When the individual believed to be Daye exited the vehicle, he put the hood of his sweatshirt over his head in order to mask his identity. USMS did not effectuate an arrest that night.

11. Due to the COVID-19 pandemic, law enforcement suspended surveillance activities for a few months.

### David Alan Early

12. On or about June 11, 2020, at approximately 9:25 a.m., your affiant and another ATF Task Force Officer ("TFO 1") conducted surveillance of the Residence in an attempt to locate Daye. Approximately five minutes later, your affiant observed a Dodge Avenger, silver in color, bearing tag CRL1138, reverse-parking into the parking space directly in front of the Residence.

An unknown black male – later identified as David Alan Early – exited the front driver seat of the vehicle and ran into the Residence. A black female – later identified as H.M.M. –exited the front passenger side of the vehicle and stood by the front passenger door. Less than five minutes later, Early exited the apartment, walked up to H.M.M, and stood by her. While speaking with H.M.M., Early leaned down and peered into the vehicle as if he was speaking with someone in the backseat. After approximately five minutes, Early and H.M.M. reentered the vehicle and drove out of the parking space. Rather than taking an immediate right and exiting the parking lot, Early made a left turn and drove slowly around the entire parking lot before making his way towards the exit. Upon reaching the stop sign, law enforcement initiated a traffic stop in order to determine if there was another individual in the backseat of the vehicle and if so, whether that individual was Daye. Two task force officers ("TFO 2 and TFO 3") approached the vehicle from the front while your affiant and TFO 1 approached from the rear of the vehicle. As soon as Early's vehicle came to a stop, the passenger door immediately opened and H.M.M. exited the vehicle. At that point, TFO 2 observed Early reaching down inside the vehicle. TFO 3 immediately ordered Early to place his hands on the steering wheel. Early ignored those commands and opened the driver door in an attempt to exit the vehicle. TFO 3 went towards the driver door to prevent Early from fleeing. TFO 3 continued commanding Early to place his hands on the steering wheel. Early ultimately complied at which point TFO 3 allowed Early to exit the vehicle. TFO 2 came over to assist TFO 3. At this time, TFO 2 immediately observed a firearm wedged between the driver seat and center console in plain view. Law enforcement conducted a search of the vehicle and located a loaded Beretta PX4 Storm, bearing serial number PZ34596, with a round in the chamber. Law enforcement also found a container of bleach with a false bottom. Within the false bottom were thirty-one (31) individually packaged baggies containing suspect marijuana, thirteen (13) individually packaged baggies of

suspect MDMA, and twenty-one (21) individually packaged baggies containing suspect cocaine. Law enforcement searched Early's person and seized approximately $656.00 in United States currency. Law enforcement determined that the firearm in question was stolen. Later that same day, law enforcement located Daye within the Residence.

13. In your affiant's training and experience, the amount of controlled substances found in the false bottom of the bleach bottle and the manner in which they were packaged exhibit an intent to distribute them rather than for any one person to personally consume them. The intent to distribute is further supported by the large amount of cash found on Early's person, which is consistent with street-level, narcotics sales.

14. In your affiant's training and experience, individuals involved in narcotics trafficking may possess, carry, and use firearms in order to protect their drug supply and/or drug proceeds.

15. A subsequent review of Early's criminal history revealed that he was previously convicted of a crime punishable by imprisonment exceeding one year, that is, a felony. Early had previously served a term of imprisonment exceeding one year.

16. The Beretta PX4 Storm, bearing serial number PZ34596, and ammunition had previously traveled in and/or affected interstate and/or foreign commerce prior to Early's possession of them.

## CONCLUSION

17. Based on the information provided above, I respectfully submit that there exists probable cause to believe that, on or about June 11, 2020, in Broward County, in the Southern District of Florida, David Alan Early committed the following federal crimes:

- Count 1 – Possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1), and

- Count 2 – Possession of a firearm during and in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

_____
Alfredo Armenteros, TFO
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _telephone_ on this _14th_ day of _July_, 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE